UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN D. GEBHART,            :   **CIVIL NO. 1:06-CV-1754**
                             :
          Plaintiff     :   (Judge Conner)
                             :
       v.             :   (Magistrate Judge Smyser)
                             :
JOHN V. VAUGHN, II and      :
CURTIS A. WHITMOYER,       :
                             :
         Defendants   :

## SUPPLEMENTAL REPORT AND RECOMMENDATION

In the instant case, the plaintiff claims that the defendants unlawfully filed criminal charges against him, maliciously prosecuted him and engaged in a course of conduct to destroy his business in violation of his constitutional rights.

By a Report and Recommendation dated August 4, 2008, we recommended that the defendants' motions for summary judgment be granted and that the case be closed. We analyzed the plaintiff's claims as Fourth Amendment malicious prosecution claims. As to the claim against defendant Whitmoyer, we analyzed that claim as a malicious prosecution claim based on representations by the plaintiff that he was only bringing a single malicious prosecution claim against defendant Whitmoyer. *See Doc. 51-6. See also Doc. 50 at ¶29 and Doc. 64 at ¶29.* As

to the claims against defendant Vaughn, we analyzed those claims as malicious prosecution claims, rather than as false arrest claims, on the basis that false arrest applies to detention without legal process.

By an Order dated November 7, 2008, Judge Conner remanded the matter to the undersigned to consider whether the plaintiff may maintain a false arrest claim on the grounds that the affidavits of probable cause fail to set forth material facts that may nullify the deceptive intent necessary to the theft offense with which the defendants charged him.

Lack of probable cause is a necessary element of both a Fourth Amendment false arrest and a Fourth Amendment malicious prosecution claim. *Startzell v. City of Philadelphia,* 533 F.3d 183, 204 (3d Cir. 2008).

Although we did not address the plaintiff's claims as false arrest claims in our Report and Recommendation, we did address whether there was probable cause and, more specifically, whether the fact of the plaintiff's incarceration negated probable cause.

We concluded in the Report and Recommendation that defendant Whitmoyer had probable cause with regard to the charges he filed against the plaintiff.  With regard to whether

2

the plaintiff's incarceration negated probable cause, we
stated in the Report and Recommendation:

> The plaintiff contends that he did not
> perform under the contract because he was
> incarcerated at the time, and that the fact of
> his incarceration was not appropriately taken
> into account by the defendant in evaluating
> whether criminal fraud was present.  It is not
> clear from the record in this case that
> defendant Whitmoyer knew at the time he filed
> the charges that the plaintiff was already
> incarcerated.  Nevertheless, assuming arguendo
> that defendant Whitmoyer did know that the
> plaintiff was incarcerated, the fact that the
> plaintiff was incarcerated does not negate a
> reasonable inference of probable cause to
> believe that the plaintiff committed theft by
> deception when all circumstance known to
> defendant Whitmoyer are considered.  What the
> plaintiff knew when he contracted, what
> representations he made, what his
> circumstances were, what he communicated to
> consumers and other factors would all be
> relevant factors at the criminal trial.  But
> the question of probable cause involves what
> defendant Whitmoyer knew when he charged the
> plaintiff.  Defendant Whitmoyer was not
> required to rule out all possibility of an
> acquittal.  Even recognizing that the fact of
> the plaintiff's incarceration could be a
> factor that the jury might weigh in favor of
> acquittal, defendant Whitmoyer is reasonably
> seen to have had probable cause to support the
> initiation of a criminal prosecution of the
> plaintiff for theft by deception.

*Doc. 72 at 17-18.*

We also concluded in the Report and Recommendation that
defendant Vaughn had probable cause for the charges that he
filed against the plaintiff.  As to the fact of the plaintiff's
incarceration, we stated:

> The plaintiff also contends that he did
> not perform under the contracts because he was
> incarcerated at the time.  For the purposes of
> the pending summary judgment motions the
> parties do not dispute that the plaintiff was
> arrested on June 22, 2004 on terroristic

3

threats and bad check charges and that he was
incarcerated until July 30, 2005.  However,
the affidavits of probable cause submitted by
defendant Vaughn do not state that the
plaintiff was incarcerated.

A 42 U.S.C. § 1983 plaintiff who
challenges the validity of an arrest warrant
by asserting that the law enforcement officer
submitted a false affidavit to the issuing
judicial officer must satisfy the two-part
test developed by the Supreme Court in *Franks
v. Delaware,* 438 U.S. 154, 155-56 (1978).
*Wilson v. Russo,* 212 F.3d 781, 786-87 (3d Cir.
2000).  Under *Franks* and its progeny, the
plaintiff must prove, by a preponderance of
the evidence, (1) that the police officer
knowingly and deliberately, or with a reckless
disregard for the truth, made false statements
or omissions that create a falsehood in
applying for a warrant; and (2) that such
statements or omissions are material, or
necessary, to the finding of probable cause.
*Id.* at 787.  "[O]missions are made with
reckless disregard if an officer withholds a
fact in his ken that 'any reasonable person
would have known that this was kind of thing
the judge would wish to know.'" *Id.* at 788
(quoting *United States v. Jacobs,* 986 F.2d
1231, 1235 (8ᵗʰ Cir. 1993)).  To determine the
materiality of an omission, we insert the
facts recklessly omitted and then determine
whether or not the "corrected" affidavit would
establish probable cause. *Id.* at 789.

The plaintiff has not pointed to evidence
in the summary judgment record that defendant
Vaughn knew that the plaintiff was
incarcerated at the time that he submitted his
affidavits of probable cause.  Therefore, the
plaintiff has failed to show that there is
evidence to reasonably support an inference
that defendant Vaughn knowingly and
deliberately, or with a reckless disregard for
the truth, made an omission that created a
falsehood in applying for the warrants for the
plaintiff's arrest.  Nevertheless, assuming
arguendo that defendant Vaughn knew that the
plaintiff was incarcerated at the time that he
submitted his affidavits of probable cause and
that the failure of defendant Vaughn to
include in the affidavits of probable cause a
statement indicating that the plaintiff was
incarcerated was an omission that created a
falsehood, we conclude that that omission was

4

not material.  As mentioned above in
connection with defendant Whitmoyer's motion
for summary judgment, the fact that the
plaintiff was incarcerated does not negate
that there was probable cause to believe that
the plaintiff committed theft by deception.
The plaintiff's incarceration would not
necessarily have precluded him from completing
the buildings (through his employees or
subcontractors).  Moreover, his incarceration
does not excuse the plaintiff from returning
deposits if his incarceration did in fact
prevent him from completing the buildings
under the contracts.

*Doc. 72 at 26-29 (footnotes omitted).*

A contractor's incarceration for a period of time could
be a factor that could cause a fact finder to find that the
contractor was not guilty of deception in contractual
representations.  To know of a fact that could negate criminal
culpability by undermining a theory of culpable criminal intent
is not tantamount to knowing of a fact that is necessarily
inconsistent with criminal culpability, and a reasonable person
would not know that a judge would wish to know of the fact of
the contractor's incarceration since the fact of incarceration
of itself would not necessarily be exculpatory and the judge
could draw no reliable reasonable inference from it.  The issue
whether the incarceration of the plaintiff, given all of the
other circumstantial factors, could have been seen to negate
criminal culpability would depend for its resolution upon a
wide range of potentially probative circumstantial factors.
The bare fact of a period of incarceration would not have
negated probable cause as an absolute matter in relationship to
all of the other circumstances stated in the affidavit.

5

As we did in connection with the malicious prosecution claim, we conclude in connection with the plaintiff's false arrest claims that the defendants had probable cause for the charges that they filed against the plaintiff.  As indicated in the Report and Recommendation, we conclude that the fact that the plaintiff was incarcerated at the time the charges were brought is not material or necessary to the finding of probable cause.  Accordingly, the defendants are entitled to summary judgment on the plaintiff's false arrest claims.

Based on the foregoing, it is recommended that the defendants' motions (docs. 48 & 54) for summary judgment be granted and that the case be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  November 18, 2008.