IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN D. GEBHART, | : CIVIL ACTION NO. 1:06-CV-1754 |
| Plaintiff | : (Judge Conner) |
| v. | : |
| JOHN VAUGHN, II, and CURTIS A. WHITMOYER, | : |
| Defendants | : |

**ORDER**

AND NOW, this 5th day of January, 2009, upon consideration of the reports of the magistrate judge (Docs. 72, 77), recommending that defendants' motions for summary judgment (Docs. 48, 54) be granted, to which plaintiff filed objections (Docs. 73, 78), and following an independent review of the record, it appearing that plaintiff claims that defendants falsely arrested and maliciously prosecuted him for, *inter alia*, theft by deception,[1] and that plaintiff asserts that defendants lacked probable cause for these criminal proceedings, and it further appearing that probable causes exists when the facts and circumstances known to the prosecuting or arresting officers would cause a reasonable person to believe that the charged offense has been or is being committed by the suspect, see Gilles v. Davis, 427 F.3d 197, 206 (3d Cir. 2005) (observing that probable cause to arrest is based upon "the limited information that the arresting officer has at the time"); Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 794 (3d Cir. 2000) (stating that probable cause to arrest and probable cause to prosecute must be assessed

---

[1] See 18 PA. CONS. STAT. § 3922 ("A person is guilty of theft if he intentionally obtains or withholds property of another by deception.").

independently), and the court concluding that the uncontroverted evidence demonstrates that plaintiff repeatedly accepted payment from customers with which he had construction contracts and subsequently—without timely explanation or excuse— failed to either discharge his contractual duties or to refund the customers' payments, (see, e.g., Doc. 57 ¶ 2; Doc. 63 ¶ 2; see also Doc. 54, Exs. A-D), and that on one occasion he deposited monies received from a customer to purchase building materials on the customer's behalf into plaintiff's general account with his supplier rather than into the account earmarked for the customer's expenses, (Doc. 50 ¶¶ 36-37; Doc. 64 ¶¶ 36-37),[2] and the court further concluding that plaintiff's claims therefore fail because a reasonable person with knowledge of these circumstances would conclude that probable cause existed to believe that plaintiff obtained or withheld property of others with an intent to

---

[2]Malicious prosecution requires a plaintiff to demonstrate that "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." See Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007) (citation omitted). Probable cause exists when a reasonable person, aware of the facts and circumstances within the officer's knowledge at the time that he or she instituted criminal proceedings, would believe that an offense had been committed. See Egolf v. Witmer, 526 F.3d 104, 114 (3d Cir. 2008); DiNicola v. DiPaolo, 25 F. Supp. 2d 630, 637 (W.D. Pa. 1998).

    Plaintiff contends that defendants lacked probable cause to prosecute him because he was incarcerated on unrelated charges at the time he failed to perform his contracts, rendering performance impossible and preventing him from forming the fraudulent scienter necessary to the charged offenses. However, plaintiff's incarceration did not prevent him from communicating with his customers about the status of his construction contracts, nor did he attempt to refund customer deposits or negotiate repayment plans with them. Although plaintiff retained several employees at the time of his incarceration, neither he nor they communicated with his clients, some of whom attempted to contact his company dozens of times. (Doc. 51, Ex. A at 51-52; Doc. 51, Ex. F ¶¶ 5-6, 8; Doc. 54, Ex. A at 5.) Accordingly, a reasonable person would conclude that probable cause existed to initiate the proceedings for theft by deception.

deceive,[3] and the court finding that defendants are alternatively entitled to qualified immunity for the alleged violations,[4] it is hereby ORDERED that:

1. The reports of the magistrate judge (Docs. 72, 77) are ADOPTED.

2. Defendants' motions for summary judgment (Docs. 48, 54) are GRANTED.

3. The Clerk of Court is instructed to enter JUDGMENT in favor of defendants and against plaintiff on all claims.

4. The Clerk of Court is directed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[3] Plaintiff predicates his false arrest claim on grounds similar to those allegedly supporting the malicious prosecution action. He asserts that defendants would not have received arrest warrants had they included information about his incarceration in their affidavits of probable cause. (Doc. 62 at 13.) "[A] plaintiff may succeed in a § 1983 action for false arrest made pursuant to a warrant if the plaintiff shows, by a preponderance of the evidence: (1) that the police officer knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; and (2) that such statements or omissions are material, or necessary, to the finding of probable cause." Wilson v. Russo, 212 F.3d 781, 786-87 (3d Cir. 2000) (internal quotation omitted); see also United States v. Yusuf, 461 F.3d 374, 383-85 (3d Cir. 2006). Omissions are weighed in light of the officer's actual knowledge and whether the inclusion of the information would change the outcome of the probable cause assessment. See Wilson, 212 F.3d at 788. In the instant matter, a "corrected" affidavit that included more extensive information about plaintiff's incarceration would nonetheless have presented probable cause for defendants to believe that plaintiff had committed the criminal acts with which they charged him. See supra note 2.

[4] Qualified immunity protects a law enforcement officer who has committed constitutional violations if the plaintiff's rights were not "clearly established" when the officer acted. The officer is amenable to suit only if "it would have been clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Curley v. Klem, 499 F.3d 199, 207 (3d Cir. 2007) (quoting Saucier v. Katz, 533 U.S. 194, 202 (2001)). No liability will attach if a reasonable officer under the circumstances could have believed that the challenged conduct was lawful. Springer v. Henry, 435 F.3d 268, 280 (3d Cir. 2006) (quoting Hunter v. Bryant, 502 U.S. 224, 228 (1991) ("[T]he court should ask whether the [official] acted reasonably under settled law in the circumstances." (second alteration in original)). In this case, a reasonable person would have believed that probable cause existed to support the conclusion that plaintiff intentionally obtained or withheld customers' property by deception. See supra notes 2-3. Therefore, defendants are entitled to qualified immunity.